UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 1:14-CR-00200 |
| MATTHEW B. PUTERBAUGH, | (MEHALCHICK, J.) |
| Defendant. | |

**MEMORANDUM**

On February 26, 2025, *pro se* Petitioner Matthew Brian Puterbaugh ("Puterbaugh") filed a motion for compassionate release and reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 54). Puterbaugh requests that this Court modify his sentence to "time served," which would enable him to be released to become his aging mother's primary caretaker. (Doc. 54, at 7). Puterbaugh is currently serving a fifteen-year sentence at LSCI Allenwood after pleading guilty to violating 18 U.S.C. 2251(a) Production of Child Pornography. (Doc. 49; Doc. 66, at 1). At the time of filing this present motion, Puterbaugh has served ten years, six months, and ten days of his fifteen-year sentence. (Doc. 54, at 6). For the following reasons, his motion will be **DENIED**. (Doc. 54).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On August 13, 2014, Puterbaugh was arrested following a federal grand jury indictment against him for one count of production of child pornography, one count of receipt of child pornography, and one count of possession of child pornography. (Doc. 64, at 1). On January 21, 2015, Puterbaugh entered a binding plea agreement with the United States, agreeing to plead guilty to one count of production of child pornography. (Doc. 31; Doc. 64, at 4). On June 8, 2015, the Court sentenced Puterbaugh to 180 months imprisonment with

120 months of supervised release to follow in accordance with the accepted plea agreement.[1] (Doc. 49; Doc. 64, at 5).

On September 27, 2024, Puterbaugh submitted a request for compassionate release in accordance with the Bureau of Prisons ("BOP") Program Statement 5050.50, where he asked for his sentence to be reduced so that he could take care of his aging mother. (Doc. 54, at 2). His request was denied by the BOP on October 7, 2024. (Doc. 54, at 2).

On, February 26, 2025 , Puterbaugh filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), requesting that the Court reduce his sentenced to "time served" in light of his rehabilitation efforts and in order to become the primary caretaker for his elderly widowed mother. (Doc. 54). On March 26, 2025, the Government filed its' brief in opposition. (Doc. 64). Accordingly, the motion is ripe and ready for disposition.

## II. DISCUSSION

"Once a federally imposed sentence commences, a district court has limited authority to modify that sentence." *Dillon v. United States*, 560 U.S. 817, 825 Ed. 2d 271 (2010). Compassionate release is a procedure that allows a defendant to move the sentencing court to reduce his or her term of imprisonment and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

---

[1] In addition to this charge, Puterbaugh plead guilty to a charge of involuntary deviate sexual intercourse with a minor and statutory sexual assault in the Court of Common Pleas of Cumberland County. *See Commonwealth v. Puterbaugh*, No. CP-67-CR-0004490-2014 (Cumberland Cty). He was subsequently sentenced to 5-10 years imprisonment, concurrent to the federal sentence. *Puterbaugh*, No. CP-67-CR-0004490-2014.

term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The Court may not modify a term of imprisonment, unless:

> [t]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).[2]

If the defendant sufficiently meets the exhaustion requirement, Congress allows a sentencing court to reduce his or her sentence should the defendant: (1) show "extraordinary and compelling reasons warrant" a reduction; and (2) show "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021); *Armstrong v. Carvajal*, 2022 WL 21755919, at *11-12 (M.D. Pa. Mar. 15, 2022); *United States v. Pitt*, No. 1:97-cr-108-01, 2020 WL 4677251, at *3-4 (M.D. Pa. Aug. 12, 2020).

Even if the defendant meets these requirements, "[c]ompassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the [18 U.S.C.] § 3553(a) factors." *United States v. Alexander*, No. 23-1011, 2023 WL 4198042, at *3-4 (3d Cir. June 27, 2023); *see also Pitt*, 2020 WL 4677251, at *3 (In

---

[2] Puterbaugh's motion is properly before the court since he submitted his 5050.50 request for compassionate release to the BOP on September 27, 2024, and the warden responded by denying his request on October 7, 2024. (Doc. 54, at 2). Further, the government does not allege in their brief in opposition that Puterbaugh did not successfully exhaust all required administrative remedies before seeking relief pursuant to 18 U.S.C. § 3582(c)(1)(A). As such, this Court will address whether Puterbaugh showed "extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *Andrews*, 12 F.4th at 258.

determining whether to grant compassionate release, "the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a)").

Once the defendant demonstrates that he complied with the BOP's exhaustive remedies, the court may reduce his term of imprisonment if there are extraordinary and compelling reasons warranting such a reduction, and that such reduction is consistent with the applicable policy statements by the Sentencing Commission. *See United States v. Traumann*, No. 23-2985, 2024 WL 4357746, at *4 (3d Cir. Oct. 1, 2024); *see also Raia*, 954 F.3d at 595 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also Pitt*, 2020 WL 4677251, at *3-4. Congress has refrained from defining "extraordinary and compelling" reasons warranting sentence reduction, however, "[r]ehabilitation of the defendant alone" is not enough and the Sentencing Commission's Guidelines serve as considerations. *Andrews*, 12 F.4th at 262 (ruling that the trial court did not err in determining that defendant's rehabilitation efforts did not warrant compassionate release); *United States v. Edmond*, 730 F. Supp. 3d 146, 153 (M.D. Pa. 2024); *United States v. Clausen*, No. 00-291-2, 2020 WL 4260795, at *9-10 (E.D. Pa. July 24, 2020).

When applying the Sentencing Commission's Guidelines and determining whether an extraordinary and compelling reason is present, a court may consider the defendant's "family circumstances." U.S.S.G. § 1B1.13(b)(3). The Guidelines provide that "incapacitation of the defendant's parent when the defendant would be the *only* available caregiver for the parent" may warrant a reduction in the defendant's sentencing. U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added). Courts in this Circuit have interpreted the term "incapacitation" to require a demonstration that the defendant's family member is experiencing "serious injury," "debilitating physical illness," "complete disability," an incapability of providing "any self-

4

care," or "total confinement to a chair or bed." *United States v. Dawara*, Nos. 19-414-01 & 20-104-01, 2024 WL 5082321, at *7 (E.D. Pa. Dec. 11, 2024); *United States v. Noack*, No. 18-425, 2025 WL 1419846, at *8 (D.N.J. May 16, 2025); *United States v. Ramos*, Nos. 21-168 & 21-330, 2025 WL 873790, at *5 (W.D. Pa. Mar. 20, 2025). The fact that a defendant has elderly parents does not automatically qualify as "extraordinary" circumstances warranting compassionate release. See *United States v. Gaskin*, No. 15-352, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) (denying compassionate release because "the desire to care for elderly parents" does not "qualify as extraordinary"); see also *United States v. Ingram*, No. 14-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (stating "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary"). Further, courts in the Third Circuit look for "strong evidence" showing that the defendant is the *sole* individual that is available to provide care. *Noack*, 2025 WL 1419846, at *8 (citations omitted); see *United States v. Everett*, No. 2:12-cr-162, 2021 WL 322182, at *2-3 (W.D. Pa. Feb. 1, 2021) (after considering the "burden of caring for an elderly parent" while caring for special needs children, the court rejected defendant's request for compassionate release because "nothing in the record suggests that [the defendant's] siblings cannot provide assistance to his mother or obtain outside nursing care on her behalf").

Puterbaugh is not entitled to compassionate release because he has not sufficiently shown that his mother is "incapacitated" to warrant relief. *Dawara*, 2024 WL 5082321, at *7; *Noack*, 2025 WL 1419846, at *8; *Ramos*, 2025 WL 873790, at *5. Puterbaugh concludes that his family circumstances and rehabilitation efforts are extraordinary and compelling reasons to warrant an early release from his current sentence. (Doc. 54, at 28-30). Puterbaugh also argues that he is the only member of his family available to provide care to her. (Doc. 54, at

5

7-11). However, Puterbaugh has several siblings and extended family members. (Doc. 54, at 8). Puterbaugh's brother lives in Pennsylvania, within a forty-five minute drive of their mother. (Doc. 54, at 8). Puterbaugh has several other siblings, all of whom live in other states and are also alleged to be unable to step in to provide primary care for their mother. (Doc. 54, at 8). Puterbaugh's mother is 93 years of age, and he claims that as a result of her "age and other health conditions," her mental and physical capabilities have severely declined and she is unable to perform everyday tasks. (Doc. 54, at 11). To support his assertions, Puterbaugh has filed numerous letters from his mother and siblings. (Doc. 54). However, Puterbaugh has not provided the Court with "his mother's medical records, or records of any sort, so as to demonstrate her incapacitation." (Doc. 64, at 9). He has not stated exactly what illness his mother has, indicated that she is wheelchair bound, proved that she is wholly incapable of taking care of herself, or shown that his siblings lack the financial capabilities of providing external nursing care. While this Court is sympathetic to Puterbaugh's situation, the evidence offered does not support a finding that his mother is "completely disabled." *Dawara*, 2024 WL 5082321, at *7. As a result, Puterbaugh has failed to show that his family circumstances and rehabilitation efforts warrant compassionate release.³

---

³ Puterbaugh alleges that he has engaged in "extraordinary rehabilitation" efforts that provide him with the tools needed to contribute to society and avoid recidivism. (Doc. 54, at 28-29). Puterbaugh's commitment to the BOP's rehabilitation programs as extraordinary and thus warranting release. Rehabilitation efforts alone are not enough, and that sentiment is echoed by the Sentencing Guidelines. *Edmond*, 730 F. Supp. at 154; USSG § 1B1.13(d).

### III. CONCLUSION

Based on the foregoing, Defendant's motion for compassionate release is **DENIED**. (Doc. 54). An appropriate Order follows.

BY THE COURT:

Dated: September 30, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**